UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONNIE BARRETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 12-CV-3095 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, FORREST | ) |
| ASHBY, REGGY BARNETT, and | ) |
| SANDRA SIMPSON, | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Twenty-five Plaintiffs, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis on their claims challenging the cleanliness of the facility. Thirteen Plaintiffs will be dismissed for failing to pay the partial filing fees. This order applies to the petitions to proceed in forma pauperis by the remaining Plaintiffs.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the

1

District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiffs allege that Defendant Barnett, the laundry supervisor, fails to properly train and supervise the residents working on laundry detail.  Barnett allegedly allows and encourages overloading of the washers and permits caustic and unlabeled chemicals to be used for washing the laundry.  The result, Plaintiffs allege, is that Plaintiffs are "forced to wear dirty clothes that cause[] sickness, rashes, health issues, . . . ." (Complaint, ¶ 7, d/e 1.)  Clothes are returned "soiled" and "smelling" and sometimes containing food and other objects.

Plaintiffs also allege that the showers are mold-infested, the

hallways have an "overall filthy hue to them," the dietary department "harbors mold and the smell of sewage or decay and rot," and the facility lacks sufficient air circulation and natural light. (Complaint, ¶¶ 8-15, d/e 1). Access to adequate cleaning materials is lacking. Lastly, Plaintiffs allege that Defendants "foster an atmosphere of retaliation" for complaining about these conditions.

## ANALYSIS

Plaintiffs are constitutionally entitled to humane conditions of confinement, including adequate sanitation and ventilation. Sain v. Wood, 512 F.3d 886 (7th Cir. 2008)(committed person entitled to "humane conditions" and the provision of "adequate food, clothing, shelter, and medical care"). At this early stage, the Court cannot rule out a constitutional claim based on the totality of conditions alleged by Plaintiffs. Personal responsibility is plausibly inferred at this stage against Defendants Barnett, the laundry supervisor, and Defendant Ashby, the facility's director.

However, Plaintiffs cannot sue the facility itself, because the facility is not an entity subject to suit under 42 U.S.C. § 1983. Additionally, no

4

inference of personal responsibility arises against Defendant Simpson, the grievance examiner, for the conditions of the facility.  Simpson cannot be liable for incorrectly handling Plaintiffs' grievances.  *See* <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Plaintiffs' allegations that Simpson retaliates against them for their grievances are too vague to state a claim.  The only adverse action alleged is that Simpson contacts the residents who work in the laundry or the administrators about the grievances, which in turn subject Plaintiffs to angry verbal harassment and threats.  Simpson cannot inquire into the validity of the grievances without making inquiries to those responsible, and she is not responsible for their alleged misconduct because of those inquiries.  Further, the vague threats alleged do not allow a plausible inference that Plaintiffs have suffered a sufficiently adverse action to make out a retaliation claim.  <u>Gomez v. Randle</u>, 680 F.3d 859, 866 (7th Cir. 2012)(deprivation suffered must be adverse enough to deter exercise of First Amendment rights).

IT IS THEREFORE ORDERED:

1) The petitions to proceed in forma pauperis for the following Plaintiffs are denied for failure to pay the partial filing fee: Telford, Galba, Lain, Doss, Smith, Vance, Koster, Seidler, Isbell, Diaz, Bice, and Anderson. The clerk is directed to terminate the aforementioned Plaintiffs.

2) The Court finds that the remaining Plaintiffs state a due process claim against Defendants Ashby and Barnett based on the alleged conditions of confinement. Accordingly, the petitions to proceed in forma pauperis filed by the remaining Plaintiffs are granted (d/e 2). Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Illinois Department of Human Services and Sandra Simpson are dismissed for failure to state a claim against them.

4) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiffs shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiffs for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiffs need not send copies of their filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiffs' document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 29, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by

video conference.  The conference will be cancelled if no service or other issues are pending.  Accordingly, no writ shall issue to secure Plaintiffs' presence at the conference unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiffs at their place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12)  Plaintiffs shall immediately notify the court of any change in their mailing addresses and telephone numbers.  Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: September 20, 2012

FOR THE COURT:

   s/Sue E. Myerscough   <br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE